

Eric C. Morris (State Bar No. 243425)
SOUTHERN CALIFORNIA LAWYERS GROUP, PLC
5861 Pine Ave, Ste A-1
Chino Hills, CA 91709
(909) 466-4400
(909) 839-5004 Fax
emorris@lawsclg.com
Attorneys for Plaintiff,
DELFINO SOLORZANO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DELFINO SOLORZANO, an individual,

               Plaintiff,

vs.

WAL-MART STORES, INC., a
Delaware Corporation; JORDAN
DOUGLAS DANIELS; and DOES 1-10,
Inclusive,

               Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

1. **Negligence;**
2. **Intentional Infliction of Emotional Distress;**
3. **Civil Battery;**
4. **Civil Assault; and**
5. **Negligent Failure to Protect Against Criminal Assault and Battery.**

JURY TRIAL DEMANDED

     COMES NOW the Plaintiff for causes of action against the Defendants alleges:

GENERAL ALLEGATIONS

     1.    At all times herein mentioned, Plaintiff, DELFINO SOLORZANO is a resident of the County of San Bernardino, State of California, and all acts herein set forth in the County of, State of California.

2.      At all times herein mentioned, Defendant JORDAN DOUGLAS DANIELS is a resident of the County of San Bernardino, State of California, and all acts herein set forth in the County of, State of California.

3.      At all times herein mentioned Defendant Wal-Mart Stores, Inc. (hereinafter "Walmart") was, and is a Delaware Corporation with its principal place of business in Arkansas and doing business in San Bernardino County. Defendant Walmart owns and operates Walmart stores nationwide including the store located at 11896 Amargosa Rd, Victorville, CA 92392. At all times, Defendant Walmart was authorized to transact, and transacting, business in California. In doing the acts herein alleged, Defendant Walmart's employees, subcontractors and agents acted within the course and scope of their employment and agency with Walmart.

4.      At all times herein mentioned, each of the Defendants were the agent and employee of each of the remaining Defendants and was at all times herein mentioned acting within the scope of said agency and employment.

5.      The true names and capacities, of Defendants, Does 1 through 10, Inclusive, are unknown to Plaintiff, who therefore sues said Defendant by such fictitious names. Plaintiff will ask leave to amend this Complaint to show their true names and capacities when the same has been ascertained.

6.      On or about May 19, 2017, Plaintiff was present at Defendant Walmart's store's parking lot located at 11896 Amargosa Rd, Victorville, CA 92392.

7.      Defendant Walmart had hired DOES 1 THROUGH 10 for the full service security to keep control and manage the area in a secure manner.

8.      Plaintiff, DELFINO SOLORZANO drove his vehicle into the Walmart Parking lot, exited his vehicle and, unprovoked, was physically assaulted by Defendant JORDAN DOUGLAS DANIELS which resulted in substantial physical harm to SOLORZANO.

9.      DEFENDANT, WALMART, Does 1-10, and its agents and/or principles failed to protect its guests and patrons from injury, annoyance, or mistreatment. The scope of the Defendants and their agents' duty is to exercise

reasonable care by each of them in providing protection against the acts .

10.     DEFENDANT, WALMART, Does 1-10, and its agents and/or principles failed to utilize due care in providing security to maintain adequate security on the premises.

11.     DEFENDANT WALMART, Does 1-10, and its agents and/or principles failed to provide due care in adequately supervising employees, agents and its personnel.

12.     Plaintiff SOLORZANO was physically assaulted when he was hit in his head, face, chest and neck, thrown to the ground on his knees, assaulted to his person and neck by physical force and repeatedly restrained from moving and obtaining help.

13.     This Court has federal diversity jurisdiction over this action under 28 U.S.C. Section 1332. SOLORZANO is a resident of San Bernardino County, California. Defendant WALMART is a corporation incorporated under the laws of State of Delaware, with its principal place of business in Arkansas. On information and belief, Defendant DANIELS is a resident of the State of California.

14.     The amount in controversy exceeds $75,000. [28 U.S.C. § 1332(a).]

15.     The Court has personal jurisdiction over Defendants because Defendants have engaged in business activities in, and directed to, the State of California and/or have committed tortious acts within the state. Defendants have purposefully availed themselves of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of such activity.

16.     Venue is proper in this district under 28 U.S.C. Sections 1391 (b) and (c), as the tortious acts occurred in this district, the event on which the claims in this Complaint is based took place in this district, substantial injuries occurred therein, and Defendants are subject to personal jurisdiction in this district.

///

## **FIRST CAUSE OF ACTION**
### **(NEGLIGENCE)**
### **(PLAINTIFF against WAL-MART STORES, INC., and DOES 1-10)**

17.    Plaintiff realleges and incorporates the foregoing paragraphs above, in their entirety, as though fully set forth below.

18.    Defendants and their agents had a duty of care as stated herein.

19.    Defendants and their agents breached said duty of care as stated herein when on or about May 19, 2017, WALMART and DOES 1-10, so negligently, carelessly, and unlawfully managed, maintained and operated their said Store with its security operations as to cause DANIELS to come violently in contact with Plaintiff's body, so as to cause serious physical injuries to Plaintiff.

20.    As a direct and proximate cause of Defendant's negligent behavior, Plaintiff sustained severe physical injuries, emotional and mental distress, such that Plaintiff was physically in pain, visibly shaken, suffered from nausea, and continues to have lack of sleep, feelings of anxiety, fright, shock, nervousness, anxiety, worry, horror, grief, mortification, humiliation, embarrassment, indignity, apprehension, fear, terror and constant distress from witnessing and being a direct victim of the horrific incident.

21.    Plaintiff believes and based upon such information and belief alleges that he will in the future continue to suffer severe emotional and mental distress, all in an amount to be established at the time of trial.

22.    As a direct and proximate result of the foregoing, Plaintiff was injured in his health and strength, and activity sustained injury to his  body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering all to the injury and damage to said Plaintiff in an amount according to proof at time of trial.

23.    As a direct and proximate result of the foregoing, Plaintiff has been and will be required to obtain the services of physicians and medical care in the sum as shall be shown to the Court upon the trial of this action.

24.    As a further, direct, and proximate result of the foregoing, Plaintiff could not attend to his usual trade and occupation, for an as yet undetermined amount of time, all to Plaintiff's damages in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (PLAINTIFF against DANIELS and DOES 1-10)

25.    Plaintiff realleges and incorporates herein the foregoing paragraphs, in their entirety, as though fully set forth below.

26.    The acts of DANIELS and DOES 1-10 described in this Complaint were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon Plaintiff. Such acts were done in reckless disregard of the probability of causing Plaintiff's emotional distress. These acts did in fact result in severe and extreme emotional distress.

27.    As a direct and proximate result of the DANIELS and DOES 1-10's acts alleged above, Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety. Plaintiff continues to be fearful, anxious, and nervous. For this harm, Plaintiff requests compensatory damages in a sum to be proven at the time of trial.

28.    As a direct and proximate result of the DANIELS and DOES 1-10  acts alleged above, Plaintiff was caused to obtain medical and psychiatric treatment. Such medical and psychiatric treatment will continue for an indeterminable length of time. Plaintiff requests compensatory damages in a sum to be proven at the time of Trial.

29.    As a direct, legal and proximate result of the aforesaid acts of DANIELS and DOES 1-10, Plaintiff was prevented for a time from engaging in his usual occupation, thereby sustaining a loss of income, the duration and extent of which is as yet undetermined, and Plaintiff is informed and believes and upon such information and belief alleges, that he will be prevented from attending to his said

usual occupation for an indefinite period of time in the future and will incur an additional loss of income, all to Plaintiff's damages in a sum to be shown according to proof at the time of trial.

30.    37. Plaintiff is informed and believes that the aforesaid acts directed towards the Plaintiff was carried out with a conscious disregard of Plaintiff's rights to be free from such tortuous behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code §3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## **THIRD CAUSE OF ACTION**
### **(CIVIL BATTERY)**
### **(PLAINTIFF against DANIELS)**

31.    Plaintiff realleges and incorporates the foregoing paragraphs, in their entirety, as though fully set forth below.

32.    Defendant DANIELS intentionally, recklessly did acts that resulted in harmful and offensive contact with the Plaintiff's person, including but not limited to: grabbing, pushing, shoving, striking and beating with an object and other acts of carnal knowledge with Plaintiff.

33.    Plaintiff was unable to, and did not give meaningful consent to the aforementioned acts.

34.    As a direct, legal and proximate result of the acts of DANIELS, as aforesaid, Plaintiff sustained serious and permanent injuries to his person, all to an amount of damages to be shown according to proof and within the jurisdiction of this Court.

35.    As a direct, legal and proximate result of the aforementioned acts of DANIELS, Plaintiff was compelled to and did employ the services of health care facilities, hospitals, physicians and surgeons, nurses, and the like, to care for and treat them, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and, upon such information and belief, alleges that he will necessarily, by reason of his injuries incur additional like expenses for

an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof at the time of trial.

36.     As a direct, legal and proximate result of the aforesaid acts of DANIELS, Plaintiff was prevented for a time from engaging in his usual occupation, thereby sustaining a loss of income, the duration and extent of which is as yet undetermined, and Plaintiff is informed and believes and upon such information and belief alleges, that he will be prevented from attending to his said usual occupation for an indefinite period of time in the future and will incur an additional loss of income, all to Plaintiff's damage in a sum to be shown according to proof at the time of trial.

37.     Plaintiff is informed and believes that the aforesaid acts directed towards the Plaintiff was carried out with a conscious disregard of Plaintiff's rights to be free from such tortuous behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code §3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## **FOURTH CAUSE OF ACTION**
### **(CIVIL ASSAULT)**
### **(PLAINTIFF against WALMART, DANIELS and DOES 1-10)**

38.     Plaintiff realleges and incorporates the herein foregoing paragraphs above, in their entirety, as though fully set forth below.

39.     On said time and place as stated herein, Plaintiff was lawfully on the premises of Defendant's Walmart parking lot.

40.     At all times during the period when Plaintiff was lawfully on the premises at Defendant's Walmart parking lot, Defendants owed Plaintiff a high duty of care to provide reasonable protection against the wrongful and/or criminal acts of third persons, including guests, which were directed at the person of the Plaintiff, and which occurred on the Walmart parking lot premises.

41.     As a direct, legal and proximate result of the acts of Defendants, as aforesaid, Plaintiff sustained serious and permanent injuries to his person, all to an

amount of damages to be shown according to proof and within the jurisdiction of this Court.

42.     As a direct, legal and proximate result of the aforementioned acts of Defendant, Plaintiff was compelled to and did employ the services of health care facilities, hospitals, physicians and surgeons, nurses, and the like, to care for and treat them, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and, upon such information and belief, alleges that he will necessarily, by reason of his injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof at the time of trial.

43.     As a direct, legal and proximate result of the aforesaid acts of Defendants, Plaintiff was prevented for a time from engaging in his usual occupation, thereby sustaining a loss of income, the duration and extent of which is as yet undetermined, and Plaintiff is informed and believes and upon such information and belief alleges, that he will be prevented from attending to his said usual occupation for an indefinite period of time in the future and will incur an additional loss of income, all to Plaintiff's damage in a sum to be shown according to proof at the time of trial.

44.     Plaintiff is informed and believes that the aforesaid acts directed towards the Plaintiff was carried out with a conscious disregard of Plaintiff's rights to be free from such tortuous behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code §3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## FIFTH CAUSE OF ACTION
### (NEGLIGENT FAILURE TO PROTECT AGAINST
### CRIMINAL ASSAULT AND BATTERY)
### (PLAINTIFF against WALMART and DOES 1-10)

45.     Plaintiff  realleges and incorporates the foregoing paragraphs above, in their entirety, as though fully set forth below.

46.     Defendants WALMART and DOES 1-10 negligently failed to provide reasonable protection to Plaintiff from criminal assault and battery on the Walmart parking lot premises, which duty was required by law.

47.     As a proximate result of Defendants' negligent failure to provide reasonable protection to Plaintiff from criminal assault and battery on the premises, Plaintiff became the victim of a criminal assault and battery which occurred on May 19, 2017, during the time Plaintiff occupied the premises of the Defendants as lawful patrons, which assault and battery occurred as stated herein.

48.     As a result of the assault and battery committed against Plaintiff due to Defendants' breach of the duty to provide adequate security, Plaintiff sustained serious and permanent injuries to his person, all to an amount of damages to be shown according to proof and within the jurisdiction of this Court.

49.     As a direct, legal and proximate result of the aforementioned acts of Defendants,  Plaintiff was compelled to and did employ the services of health care facilities, hospitals, physicians and surgeons, nurses, and the like, to care for and treat them, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and, upon such information and belief, alleges that he will necessarily, by reason of his injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof at the time of trial.

50.     As a direct, legal and proximate result of the aforesaid acts of Defendants,  Plaintiff was prevented for a time from engaging in his usual occupation, thereby sustaining a loss of income, the duration and extent of which is as yet undetermined, and Plaintiff is informed and believes and upon such information and belief alleges, that he will be prevented from attending to his said usual occupation for an indefinite period of time in the future and will incur an additional loss of income, all to Plaintiff's damage in a sum to be shown according to proof at the time of trial.

51.     Plaintiff is informed and believes that the aforesaid acts directed towards the Plaintiff was carried out with a conscious disregard of Plaintiff's  rights

1   to be free from such tortuous behavior, such as to constitute oppression, fraud or

2   malice pursuant to California Civil Code §3294, entitling Plaintiff to punitive

3   damages in an amount appropriate to punish and set an example of said Defendants.

4

5   WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

6        1.      General damages according to proof at time of trial;

7        2.      Special damages for medical and related expenses according to proof at

8   time of Trial;

9        3.      For the Interest provided by law including, but not limited to,

10  California Civil Code §3291;

11       4.      Loss of wages according to proof at time of Trial;

12       5.      Punitive damages provided by law, including but not limited to,

13  California Civil Code §3294;

14       6.      Treble damages provided by law, including but not limited to,

15  California Civil Code §3345;

16       7.      For attorneys fees under California Welfare & Institutions Code

17  §15657(a);

18       8.      Costs of suit incurred herein; and

19       9.      For such other and further relief as the Court may deem just and

20  equitable.

21   DATED:  May 19, 2019

22

23                                  SOUTHERN CALIFORNIA LAWYERS GROUP
                                    **A Professional Law Corporation**
24

25                                  By:

26

27                                  ERIC C. MORRIS
                                    Attorneys for Plaintiff
28                                  DELFINO SOLORZANO

1

2

      PLAINTIFF hereby demands a jury trial.

3

4

5   DATED:  May 19, 2019

6

7                            SOUTHERN CALIFORNIA LAWYERS GROUP

8                            **A Professional Law Corporation**

9

10                        By:

11                           ERIC C. MORRIS
Attorneys for Plaintiff

12                           DELFINO SOLORZANO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28